# United States District Court

__WESTERN__ DISTRICT OF __NEW YORK__

UNITED STATES OF AMERICA

v.

SAMUEL LAMAR JACOBS

**CRIMINAL COMPLAINT**

CASE NUMBER: 07-M- 600

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

In or about August 2003 through March 2004, in the Western District of New York, the defendant knowingly converted to his own use money of the United States, in violation of Title 18, United States Code, Section 641.

I further state that I am an Special Agent with the United States Social Security Administration, and that this complaint is based on the following facts:

**SEE ATTACHED AFFIDAVIT**

Continued on the attached sheet and made a part hereof:     (✔) Yes     ( ) No

_____
JOAN TORRES, Special Agent
United States Social Security Administration
Signature of Complainant

Sworn to before me and subscribed in my presence,

September 24, 2007                                    at   Rochester, New York
Date                                                      City and State

Hon. Jonathan W. Feldman, USMJ                        _____
Name & Title of Judicial Officer                      Signature of Judicial Officer

**AFFIDAVIT**
**IN SUPPORT OF A CRIMINAL COMPLAINT**

STATE OF NEW YORK )
COUNTY OF MONROE  )ss:
CITY OF ROCHESTER )

I, Joan Torres, being duly sworn, deposes and states:

1. I am a Special Agent with the United States Social Security Administration, Office of the Inspector General. My duties include the investigation of allegations of fraud, waste and abuse of the Social Security Administration (SSA) programs.

2. I make this affidavit in support of a complaint charging the defendant, SAMUEL LAMAR JACOBS, with having violated Title 18, United States Code, Section 641, Theft of Government Money. The grounds for this charge are as follows:

3. On or about August 2003, SAMUEL LAMAR JACOBS began receiving Social Security Disability (SSD) benefits.

4. On or about September 2003, JACOBS completed an Application for Child Insurance Benefits and Request to be Selected as Payee on behalf of his minor son (hereinafter, "minor son"). JACOBS indicated on these forms that his minor son resided with him and that he had no other legal guardian. On or about that same date, his minor son resided with the minor son's

mother at 439 Arnett Boulevard in Rochester, New York.

5. In or about February 2004, as representative payee, SAMUEL LAMAR JACOBS, received approximately $20,371.00 in child insurance benefits on behalf of his minor son, which went via direct deposit into JACOB's bank account.

6. At the time SAMUEL LAMAR JACOBS applied for and when he received the child insurance benefits on behalf of his minor son, this minor son resided with his mother, who has primary physical residence of him.

6. On March 12, 2004, the mother of the minor son, Chrystal Fagan Jacobs, appeared in person at the SSA District Office, Rochester, New York, and completed an application to be representative payee for the minor son, wherein she stated that the minor son lived with her. The mother was made representative payee of the minor son as of April 2004.

7. On July 27, 2006, the Social Security Administration was provided a copy of the Order of Custody of Visitation, issued by Family Court Judge Marilyn L. O'Connor, in Family Court, State of New York, County of Monroe on January 17, 2003, from the minor's son mother, Chrystal Jacobs. In that document, it was ordered

that the minor son would continue to reside with his mother, Chrystal Fagan Jacobs, who shall have primary physical residence of the minor son.

8. On August 23, 2007, I received from Chrystal Fagan Jacobs a certified copy of the Student Address History relating to the minor son from the Rochester City School District. In this document, it reflects that the minor son lived continuously with his mother, Chrystal Fagan Jacobs, at 439 Arnett Boulevard, Rochester, New York, from September 21, 1999 through November 18, 2004, and that their person of contact is the minor son's mother, Chrystal Fagan Jacobs.

9. On September 4, 2007, I interviewed former neighbors of Chrystal Fagan Jacobs while she resided at 439 Arnett Boulevard, Rochester, New York. I personally spoke with Cassandra Jackson, the resident at 443 Arnett Boulevard, who stated that she knew Chrystal and that she had lived in the house next to her with her three children to include the minor son. On this same day, I spoke telephonically with Erline Greggs, who resides at 433 Arnett Boulevard, who also stated that Chrystal had lived in the house next to her with her three children.

10. This investigation disclosed that the minor son did not

reside with his father, SAMUEL LAMAR JACOBS, as claimed by JACOBS and that the funds were not used for the benefit of the minor son.

11. Based on the foregoing, there is probable cause to believe that SAMUEL LAMAR JACOBS knowingly converted to his own use money of the United States in violation of Title 18, United States Code, Section 641.

JOAN TORRES
Special Agent
Social Security Administration
Office of Inspector General

Sworn to before me this ___ day of September 2007.

HON. JONATHAN W. FELDMAN
United States Magistrate Judge

4